UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-18 |
| DARRELL RICKS | SECTION "G" |

### ORDER AND REASONS

Before the Court is Defendant Darrell Ricks' ("Ricks") Motion to Permit Use of a Smart Cell Phone.[1] The government opposes the motion.[2] Considering the nature and circumstances of the instant offense, the Court finds that the condition of supervised release prohibiting him from possessing a computer or instrument of communication equipped with Internet access is necessary to protect the public and deter Ricks from engaging in similar criminal conduct in the future. Therefore, having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

On July 13, 2017, Ricks pled guilty to Count 1 of a Superseding Bill of Information charging him with possession of prepubescent child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).[3] On March 22, 2018, this Court sentenced Ricks to a term of 108 months imprisonment, to be followed by a term of 10 years of supervised release.[4] As a condition of release, Ricks was ordered not to "possess or use for any purpose a computer, or television, or

---

[1] Rec. Doc. 63.

[2] Rec. Doc. 65.

[3] Rec. Doc. 24.

[4] Rec. Doc. 55.

1

other instruments of communication equipped with on-line, Internet or World Wide Web access, or access computers or other forms of wireless communication via third parties."[5]

## II. Parties' Arguments

### A. *Ricks' Arguments in Support of the Motion*

On October 6, 2023, Ricks filed the instant *pro se* Motion to Permit Use of a Smart Cell Phone.[6] Ricks states that he is currently a resident at Dismas Charities, Inc. in Hattiesburg, Mississippi, a residential reentry center.[7] According to the motion, Ricks will be working as a commercial electrician, and he needs a smart cell phone for his employment.[8]

### B. *The Government's Arguments in Opposition to the Motion*

On October 26, 2023, the government filed an opposition to the motion.[9] The government contacted United States Probation Officer Kyle Lanasa, who conducted Ricks's prerelease investigation.[10] Officer Lanusa reported that Ricks is currently classified as "prerelease" and that Ricks failed to provide information pertaining to his work plans or living arrangements after his release from BOP custody.[11] The government also contacted a legal representative from Dismas Charities, who stated that Ricks does not have a job and is not working as an electrician.[12]

---

[5] *Id.*

[6] Rec. Doc. 63.

[7] *Id.*

[8] *Id.*

[9] Rec. Doc. 65.

[10] Rec. Doc. 63.

[11] Rec. Doc. 63.

[12] Rec. Doc. 63.

### III. Law and Analysis

18 U.S.C. § 3583(e)(2) provides that the Court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." Federal Rule of Criminal Procedure 32.1(c) provides:

> (1) In General. Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.
> (2) Exceptions. A hearing is not required if:
>   (A) the person waives the hearing; or
>   (B) the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and
>   (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

Pursuant to Federal Rule of Criminal Procedure 32.1(c) a hearing is not required where the Court denies a motion to modify conditions of supervised release or where the relief sought is favorable to the defendant and does not extend the term of supervised release.[13]

As an initial matter, the Court notes that Ricks is still in the custody of the Bureau of Prisons and residing at a residential reentry center. Therefore, his term of supervised release has not commenced. Ricks must comply with all of the rules of the residential reentry center. Additionally, to the extent that Ricks requests that his conditions of supervised release be modified to allow him to possess a cell phone, he has not shown that such a modification is warranted at this time. Considering the nature and circumstances of the instant offense, the Court finds that the condition of supervised release prohibiting him from possessing a computer or instrument of communication equipped with Internet access is necessary to protect the public and deter Ricks from engaging in similar criminal conduct in the future. Therefore, the Court denies the motion to modify the

---

[13] *See United States v. Insaulgarat*, 280 F. App'x 367, 368 (5th Cir. 2008).

conditions of supervised release.

Accordingly,

**IT IS HEREBY ORDERED** that Darrell Ricks's Motion to Permit Use of a Smart Cell Phone[14] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this ___1st___ day of November, 2023.

**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[14] Rec. Doc. 63.